**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| LAURA JENKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE NO. |
| v. | ) | |
| | ) | 1:17-CV-00300LMM |
| TARGET CORPORATION, | ) | |
| JOHN DOE I and JOHN DOE II | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S MOTION TO HOLD NON-PARTY KENDRA BRITTIAN IN CIVIL CONTEMPT

COMES NOW Plaintiff Laura Jenkins and, pursuant to Federal Rule of Civil Procedure 45(g), hereby moves for civil contempt against non-party Kendra Brittian for her failure to comply with the subpoena commanding her attendance at her second deposition.

## I.  PROCEDURAL BACKGROUND

This Court, on August 1, 2017, entered an Order permitting Plaintiff's counsel to take a second deposition of Kendra Brittian, a former Target employee. On December 7, 2017, Ms. Brittian was personally served with a deposition notice, subpoena, and witness fee/mileage check. See Affidavit of Private Process Server attached hereto as "Exhibit 1"; See also Notice of Deposition, Subpoena, and Mileage/Appearance Fee Check attached hereto as "Exhibits 2, 3, and 4." Though

Ms. Brittian's second deposition that was scheduled and properly noticed for December 18, 2017, at 10:30 am at Plaintiff's counsel's office, Ms. Brittian did not show for her deposition or contact counsel for either party regarding any conflict or inability to attend. After raising the issue of Ms. Brittian's no-show with Ms. Rebecca Bachelor, this Court permitted Plaintiff's counsel to file this Motion for Contempt. See 12/21/2017 email from Ms. Bachelor attached hereto as "Exhibit 5."

Given Ms. Brittian's refusal to comply with this Court's subpoena/order commanding her attendance at a second deposition, Your Honor's intervention is required to assist the parties in moving forward with discovery.

## II.    ARGUMENT AND CITATION OF AUTHORITY

A Court has the "inherent power to enforce compliance with [its] lawful orders through civil contempt." Spallone v. United States, 493 U.S. 265, 276 (1990) (quoting Shillitani v. United States, 384 U.S. 364, 370 (1966)). "Sanctions for civil contempt are meant to be wholly remedial and serve to benefit the party who has suffered injury or loss at the hands of the contemnor." Petroleos Mexicanos v. Crawford Enters., 826 F.2d 392, 399 (5th Cir.1987) (internal quotation marks omitted). The purpose of a civil contempt sanction is "to coerce the contemnor into compliance with a court order, or to compensate another party

for the contemnor's violation." <u>Lamar Fin. Corp. v. Adams</u>, 918 F.2d 564, 566 (5th Cir.1990).

In a civil contempt proceeding, "the movant must establish by clear and convincing evidence that (1) a court order was in effect, (2) the order required specified conduct by the respondent, and (3) the respondent failed to comply with the court's order. <u>United States v. City of Jackson, Mississippi</u>, 359 F.3d 727, 731 (5th Cir. 2004) (citing <u>Am. Airlines, Inc. v. Allied Pilots Ass'n</u>, 228 F.3d 574, 581 (5th Cir.2000)). Notably, this Court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." F.R.C.P. § 45(g).

Ms. Brittian's conduct more than meets the legal standard for civil contempt. Pursuant to the subpoena/order served upon Ms. Brittian, this Court's order was in effect; the subpoena/order required Ms. Brittian's attendance at her second deposition; and Ms. Brittian failed to comply with this Court's subpoena/order by showing and sitting for her second deposition.

## III. CONCLUSION AND PRAYER FOR RELIEF

The Plaintiff respectfully requests that this Court hold Ms. Kendra Brittian in civil contempt of the Court's subpoena/order and direct that Ms. Brittian purge herself of the contempt by promptly accomplishing the following:

1) Presenting herself for her second deposition at a date, time, and location mutually agreed upon by the parties;

2) Reimbursing Plaintiff's counsel for the attendance/no-show expenses charged by Elizabeth Gallo Court Reporting, the court reporter and videographer, which were incurred by Plaintiff because of Ms. Brittian's failure to show for her second deposition; and

3) Reimbursing Plaintiff's counsel for the payment of $150.00 to Capital Investigations – the cost of personally serving Ms. Brittian with the subpoena, notice of deposition, and mileage/attendance fee check. See Invoice of Capital Investigations attached hereto as "Exhibit 6."

WHEREFORE, Plaintiff prays that the Court hold Kendra Brittian in civil contempt.

Respectfully submitted this 29th day of December, 2017.

PRINCENTHAL & MAY, LLC

/s/ Matthew T. Wilson
Matthew T. Wilson
Georgia Bar No. 558420
Adam P. Princenthal
Georgia Bar No. 558219

750 Hammond Drive
Building 12, Suite 200
Sandy Springs, Georgia 30328
Tel: 678-534-1980
Fax: 404-806-0624

ATTORNEYS FOR PLAINTIFF

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| LAURA JENKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE NO. |
| v. | ) | |
| | ) | 1:17-CV-00300LMM |
| TARGET CORPORATION, | ) | |
| JOHN DOE I and JOHN DOE II | ) | |
| | ) | |
| _____Defendants._____ | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of December, 2017, I electronically filed the "PLAINTIFF'S MOTION TO HOLD NON-PARTY KENDRA BRITTIAN IN CIVIL CONTEMPT" with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record and by U.S. mail to Kendra Brittian's last known address, which is as follows:

Kendra Brittian
7588 Parkland Bend
Fairburn, Georgia 30213

PRINCENTHAL & MAY, LLC

/s/   Matthew T. Wilson
Matthew T. Wilson
Georgia Bar No. 558420
Attorney for Plaintiff

PRINCENTHAL & MAY, LLC
750 Hammond Drive
Building 12, Suite 200
Sandy Springs, Georgia 30328
Tel:    678-534-1980
Fax:    404-806-0624
adam@princemay.com matthew@princemay.com